**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANNA M. DAINA,** | ) | **CASE NO. 1:17 CV 496** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **CARRINGTON MORTGAGE** | ) | |
| **SERVICES, LLC,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Anna M. Daina filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (b) and (c), the Uniform Commercial Code ("UCC") and various Ohio statutes against Carrington Mortgage Services, LLC., ("Carrington"), Taylor, Bean & Whittaker ("TB&W"), CT Corporation System ("CT"), Mortgage Electronic Registration Systems ("MERS"), Ohio Secretary of State John Husted, the Comptroller of Currency John C. Dugan, the Securities and Exchange Commission ("SEC"), Ohio Attorney General Mike DeWine and Cuyahoga County Sheriff Clifford Pinkney. In the Complaint, Daina contests the validity of the transfer of her mortgage to Carrington and contends the state court foreclosure proceedings were faulty and denied her due process. She seeks monetary relief and requests that this Court reverse the foreclosure judgment, vacate the sheriff's sale and return any interest in the property that was transferred when the sale was confirmed.

Daina filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

Carrington and MERS filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6). (ECF No. 3). They assert that this action is barred by *res judicata* and the Rooker-Feldman Doctrine. For the reasons stated below, the Motion is granted and this action is dismissed.

## I. BACKGROUND

Carrington filed a foreclosure action against Daina in the Cuyahoga County Court of Common Pleas, Case No. CV 15 849076, on July 31, 2015. That action concerned the property located at 915 High Street, Bedford, Ohio 44146. Daina filed an Answer and Counterclaims. MERS filed a Motion to Dismiss Daina's Counterclaims, which was granted on April 7, 2016. Carrington filed a Motion for Summary Judgment on its Complaint and a Motion for Judgment on the Pleadings on Daina's Counterclaims. The court granted both Motions over Daina's objections and granted a judgment of foreclosure in Carrington's favor on August 5, 2016. Daina appealed that decision but her appeal was dismissed *sua sponte* because she did not comply with the Appellate Court's local rules. The High Street property was sold at sheriff's sale on December 5, 2016. The sale was confirmed on January 10, 2017. Carrington filed an eviction action against Daina on February 13, 2017. Daina filed an Emergency Motion to Stay the Eviction, which was granted. That stay was in effect until June 15, 2017.

Daina then filed this action. She contests the validity of the mortgage assignments and Carrington's authority to file the foreclosure action. She alleges TB&W originally owned the mortgage and assigned it to Bank of America on June 5 2012 through a robo signature of

MERS. She asserts the robo signature is invalid to transfer or assign a mortgage. She alleges the mortgage was assigned again in October 2014 to Carrington through a robo signature. She contends the mortgage was put into a securitized trust. She contends the mortgage was required to have been purchased from the original mortgage holder, TB&W and the chain of ownership was invalid, meaning Carrington did not have standing to file the foreclosure action. Daina alleges the judgment of foreclosure is therefore invalid and unenforceable. She seeks relief from this judgment under the FDCPA, RESPA, the UCC and various state statutes.

Carrington and MERS claim in their Motion to Dismiss that this action is barred by *res judicata* and the Rooker-Feldman Doctrine. They argue Daina cannot relitigate claims and issues that were decided or that could have been decided in the state court foreclosure proceeding. In addition, this Court lacks subject matter jurisdiction to overturn a state court judgment. They argue the action must be dismissed.

## II. LAW AND ANALYSIS

**Standard of Review**

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993). *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (same). When determining whether a Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570. A Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the Plaintiff pleads content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

In addition, because Daina is proceeding *in forma pauperis*, the Court is required to screen the pleading under 28 U.S.C. §1915(e) and dismiss it if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The analysis for when an

action fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e) is the same as that which is applied to a Motion to Dismiss under Rule 12(b)(6).

### *Res Judicata*

Daina cannot file an action in federal court to relitigate matters that were already decided in the state court proceedings. Federal Courts must give the same preclusive effect to a state court judgment as the state would give that judgment. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). In other words, if Ohio courts would bar Daina from filing a new civil action to relitigate issues and claims pertaining to the foreclosure of the mortgage on her property, she cannot file that same case in federal court and bypass the state's procedural bar. The Court must apply Ohio's law of preclusion to determine whether the claims Daina asserts in this action are barred by the prior state court's foreclosure judgment. *Migra v. Warren City School District Board of Educ.,* 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.*

In this case, claim preclusion and issue preclusion bar relitigation of the claims Daina asserts in this Complaint. The parties in this action are the same as the parties in the foreclosure action filed in the Cuyahoga County Court of Common Pleas, with the addition of CT, Husted, Dugan, the SEC, DeWine and Pinkney. Daina does not assert any real claims against these additional Defendants in this action. This Complaint concerns the validity of the mortgage assignments and Carrington's standing to file the state court foreclosure proceedings. Daina's claims therefore could have been litigated in the state court foreclosure action. Carrington and MERS contend these claims were asserted by Daina in her counterclaims in that action. Moreover, the state court already decided that Carrington had standing to file the action by granting them a judgment of foreclosure. This Court must give full faith and credit to that judgment. Plaintiff is barred from relitigating these matters in federal court.

**Rooker-Feldman**

Furthermore, United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions

interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal Complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

In this case, Daina challenges Carrington's standing to bring the foreclosure action and indicates the foreclosure judgment in void and unenforceable. She request this Court reverse the state court judgment, vacate the sale and declare her to be the rightful owner of the property. This Court lacks subject matter jurisdiction to grant that relief.

For these reasons, the Court grants the Motion to Dismiss filed by Carrington and MERS. (ECF No. 3). Although the remaining Defendants did not file a Motion to Dismiss, the same rationale supporting dismissal applies to the claims Daina asserted against them as well. Therefore, these claims are dismissed pursuant to 28 U.S.C. § 1915(e).

### III. CONCLUSION

Accordingly, Daina's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted. The Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6) filed by Carrington and

MERS (ECF No. 3) is granted. In addition, this action is dismissed against the remaining Defendants pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                                                               s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: June 30, 2017

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.